## McMILLAN v. ALLEN.

1. Where a controversy not pending in any court was by the parties thereto referred to arbitration, it being stipulated in the submission that the two arbitrators chosen by the respective parties should, in conjunction with an umpire to be selected by them, determine the matters submitted and return their award to the superior court of a given county, of which court the award so returned should be made the judgment; and where it appeared that the party against whom the award was rendered was not served with notice of its rendition, but it was, nevertheless, at the first term, without exception thereto, made the judgment of such court, and thereafter the court set aside this judgment, reopening it for the purpose of hearing and determining the sufficiency of exceptions filed by the person dissatisfied with the award, inasmuch as that court did, this court in dealing with such exceptions will treat them as having been filed in due time, and the party excepting having been fully heard upon the exceptions filed by her, the omission to give her notice of the rendition of the award was immaterial.

2. In case of such a submission, the agreement of the parties will control as to the court to which the award shall be returned, and if in fact the losing party do not reside in the county to the superior court of which it is, under the agreement, made returnable, such party will be held to admit a residence in such county, in so far as may be necessary to uphold, as between the parties themselves, the jurisdiction of such court to make such award its judgment.

3. Exceptions to an award upon the ground that the umpire chosen under such a submission was incompetent "because his hearing was very bad and defective and in all probability he did not hear the evidence so clearly and distinctly as to fully understand it," and upon the further ground that "said umpire was brought to the place of arbitration as a witness for the [adverse party], which was unknown to the" exceptor or her counsel, are each without merit, the former because it does not present a matter issuable either in law or fact, the latter because it does not allege either bias or unfairness in the person selected as an umpire.

4. An exception to an award, upon the ground that it was delivered to the court by a person other than one of the arbitrators, was without merit, it appearing that the return of the arbitrators was regular, and it not appearing that in the physical act of transmission anything occurred which would cast suspicion upon the paper actually received by the court.

5. The mere fact that an arbitration was held and the award rendered in one county, does not prevent the award from being made the judgment of the court in another county, when the parties in the submission so agree.

6. In the present case, the exception that the award was contrary to law and contrary to evidence, is without merit.

May 11, 1896. Argued at the last term.

Motion to set aside award. Before M. G. Boyd, judge *pro hac vice.* White superior court. April term, 1895.

In White county an agreement was entered into between Mrs. A. C. McMillan and A. B. Allen, for the submission to arbitrament of a dispute between them as to the location of a land line in that county. This agreement recites, that for the purpose of settling all disputes as to the true line and to avoid lawsuits and expenses, it is mutually agreed to submit all the matters in question "to the arbitrament and award of M. T. Perkins chosen by Adaline C. McMillan, and Green B. Holcombe chosen by said Allen, and ———— as umpire chosen by said arbitrators;" and that the award when made by said arbitrators shall be returned to the next April term of White superior court, and then and there be made the judgment of said court. The two arbitrators named chose Fred Dover as third person; and the three took an oath to "well and truly arbitrate the within matter submitted to us, and a true award make, according to the law and evidence submitted to us, without favor or affection to either party." They made an award in favor of Allen, and the same was, at the April term, 1892, of White superior court, on motion of Allen's attorney, made the judgment of the court, and the proceedings ordered to be entered on the minutes. Exceptions to the award, in behalf of Mrs. McMillan, were filed, on the following grounds:

1-2. The award is contrary to law and evidence.

3. Dover, chosen as umpire by the arbitrators, was incompetent to discharge his duties and do justice in the case, because his hearing was very bad and imperfect, and in all

probability he did not hear the evidence so clearly and distinctly as to fully understand it.

4. Said umpire was brought to the place of arbitration as a witness for Allen, which was unknown to Mrs. McMillan, her agent or attorney, or to the other arbitrators.

5. The award was not returned to court by any of the arbitrators, but was given to Elbert Allen who brought it to court.

6. The arbitration was had in Habersham county, and the award rendered in that county.

7. Mrs. McMillan being a resident of Habersham county, the award should have been returned to the superior court of that county.

8. The superior court of White county has no jurisdiction to make the award its judgment.

9. The arbitrators failed to serve Mrs. McMillan with a copy of the award.

At the October term, 1893, on motion of counsel for Mrs. McMillan, a rule was granted, that the attorney for Allen show cause why the judgment making the award the judgment of the court should not be set aside on the following grounds: (1) The trial was had and the award rendered in Habersham county. (2) Mrs. McMillan had no notice of the return of the award and of it being made the judgment of the court, said court not being the proper court to which the award should have been returned. (3) The award having been rendered in Habersham county where Mrs. McMillan resided, it should have been returned to Habersham superior court. For answer the respondent in the rule showed: (1) The parties agreed in writing, at the time of the trial which resulted in the award, that it should be entered on the minutes of White superior court, and made its judgment. (2) No objection was made to the award at the first term at which it was made the judgment of the court. (3) The award was made, returned, and made the judgment of the court, according to law and

agreement. On hearing the rule, the court ordered that the judgment theretofore rendered be vacated, and that Mrs. McMillan be heard on her exceptions to the award. To this order Allen excepted *pendente lite*. On demurrer to the exceptions to the award, the court ruled that they were insufficient in law, and dismissed them. Thereupon counsel for Mrs. McMillan moved that the award and its entry on the minutes be vacated; and the motion was overruled. To both rulings she excepted. The grounds of the motion last mentioned are:

1. That the award was not on the submission of any suit or controversy pending in court.

2. That it was not on a submission to three arbitrators.

3. That no copy of the award was served on Mrs. McMillan by either of the arbitrators or the umpire before the award was entered on the minutes.

4. That the award should not be entered on the minutes of White superior court, because the arbitration was had and the award made in Habersham county, where Mrs. McMillan resided at the time of the arbitration and award and at the time of the filing and entry on the minutes.

*H. H. Perry, W. T. Crane* and *J. J. Bowden,* for plaintiff in error.

*J. W. H. Underwood* and *H. H. Dean,* contra.

Atkinson, Justice.

The official report states the facts.

1. The object designed to be accomplished by section 4242 of the code, in requiring that copies of awards shall be furnished to each of the parties by the arbitrators, is to enable the parties, if for any reason dissatisfied with the award, to move promptly in the matter of attacking it and causing it to be set aside. In the present case, although it is alleged, as one of the grounds of exception to the award, that the losing party was not served with a copy by the board of arbitrators, yet inasmuch as exceptions were

filed by her, and these exceptions were not in fact disallowed by the court upon the ground that they were not filed in time, the mere failure to serve her with a copy of the award did not in any manner prejudice her right, and for this reason, where the court in fact considered her exceptions to the award upon their merits, the fact that she was not served with a copy of the award by the board of arbitrators, is no good ground for setting aside the award, provided it were otherwise legal.

2. In the present case, the submission ·itself, signed by each of the parties, provided that the award should be made returnable to the next term of White superior court, and should then be made the judgment of said court. We know of no reason why the parties, as between themselves, could not make such an agreement.   If in fact the losing party did not reside in the county to which it was agreed the award should be made returnable, the agreement itself that such a judgment might be entered in that county would amount to an admission of a residence therein, at least in so far as that fact might be necessary, as between the parties themselves, to uphold the jurisdiction of the court to make such award its judgment.   We are not now dealing with the question as to whether such a judgment would be good as against a person not a party to the agreement, but where the parties themselves resolve any doubt as to the jurisdiction of a particular court over their persons, by an agreement solemnly entered into that such a court might exercise a particular jurisdiction over their persons with respect to an adjudication upon their property rights, we know of no reason why, if the court have general jurisdiction of the subject-matter, its judgment as affecting the interests of the persons so submitting themselves to its jurisdiction would not be a valid and binding judgment. Our code, §3460, provides that the question of jurisdiction, so far as the rights of the parties are concerned, may be waived, but not so as to prejudice third persons.   The ex-

ceptions to the award, in so far as the same is assailed upon
the ground that it was made returnable to a county other
than that of the actual residence of the party complaining,
were, in view of the admission implied from the agreement,
without merit.

3. Those exceptions which attack the award of the arbi-
trators upon the ground of incompetency, and the sugges-
tion of bias upon the part of one of the arbitrators, were
equally without merit. There is no suggestion that the
physical infirmity of which it was alleged that the arbitra-
tor attacked was a sufferer, was not well known to the party
complaining, at the time of the hearing, nor does it appear
that any objection was made to him upon that ground.
But without reference to this knowledge, it was not alleged
that he was in fact so very deaf as to be unable to hear
nor is it alleged that he did not hear the evidence. The
most that was said of him was, there was a probability that
he did not hear the evidence clearly and distinctly so as to
fully understand it. Having been chosen as an arbitrator
and having presided upon the trial, the presumption is con-
trary to the exception; and where objection is made by
which it is designed to overcome this presumption, it is the
duty of the party making the exception to present squarely
the issue of fact as to whether or not the arbitrator in fact
heard the testimony, and likewise the issue of law as to
whether or not he was in fact incompetent.

The other exception to the arbitrator, upon the ground
that he was brought to the scene of the arbitration by the
adverse party as his witness, even if well founded in fact,
affords no sufficient reason for vacating the award. Our
code provides that an award which was the result of accident
or mistake or fraud of some one or all of the arbitrators
or parties, or is otherwise illegal, may be vacated and set
aside. The fact that one is witness in a cause and has
been brought to the scene of the trial by one of the parties,
is consistent with perfect freedom from bias or partisanship,

such as would tend to render illegal an award subsequently rendered by him when chosen as an arbitrator. In order to make this a ground of exception which will prevail against an award, it is essential that the facts relied upon to set aside the award by the impeachment of an arbitrator should show either affirmative fraud, misconduct, bias, prejudice or partisanship, such as would render one disqualified to preside as judge or juror in the trial of the questions of law and fact at issue.

Upon the trial of any civil case in any court in this State a person is not necessarily disqualified as a juror because he may know some facts material to be proved by him as a witness for one of the parties to the controversy. Knowledge of a material fact favorable to one side is one thing; bias and prejudice in favor of that party is entirely a different thing. We think therefore these exceptions were without merit.

4. Exception was taken to this award upon the further ground, that it was delivered to the court by a person other than one of the arbitrators. We do not think this is a meritorious exception. The persons chosen as arbitrators determined the cause in accordance with the articles of submission, reached their conclusion, reduced it to writing and signed the award. We know of no provision of law which requires that the arbitrators or any one of them shall in person deliver the award to the court. We know of no reason why, having fully completed all their duties in the arbitration of the controversy submitted to them, they may not make return of their actings and doings in the premises and cause the mere physical act of transmission of their report to the court to be accomplished by the hand of a third person; and where there is no suggestion that such third person did not in fact transmit and deliver to the court the identical award entrusted to him by the arbitrators, the fact that the award was delivered to the court by the hand

of a third person affords no reason for vacating or setting it aside.

5. The parties in the present case solemnly agreed in writing that the matter in controversy between them should be submitted to arbitration. There was no agreement in the submission as to the place at which the arbitration should be held. There was an agreement that the award of the arbitrators should be returned to and made the judgment of the superior court of a particular county. It was excepted that the arbitration was held and the award rendered in a county other than that to which it was made returnable by the agreement of the parties. Although both of the parties were present at the arbitration, no objection was made at the time to the place of the hearing, and we know of no reason why the award should be vacated and set aside because the arbitration was held in one county, and the award made returnable to the superior court of another county, where neither of the parties made objection.

6. Other than as above indicated, the exceptions of law filed to the award were without sufficient merit to justify further discussion. Upon looking through the record in the case, and upon a careful consideration of the evidence which was submitted in favor of the plaintiff in error along with her exceptions to the award rendered by the arbitrators, we think the court committed no error in sustaining a demurrer to the sufficiency of the exceptions, committed no error in overruling a motion to vacate the award, and committed no error in sustaining the award and confirming it as the judgment of the court.        _Judgment affirmed._