### YOUNG *v.* THE STATE.

1. The evidence was sufficient to support the verdict.

2. That the court remarked, in admitting certain testimony, "I will admit it, and let the jury pass upon it for what it is worth," will not require the grant of a new trial on the ground that the remark made by the court contained an expression or intimation of opinion by the court as to the weight which the jury should give to the evidence referred to.

3. The newly discovered evidence, purely cumulative in character, will not require the grant of a new trial.

Argued October 19,—Decided November 11, 1908.

Indictment for murder. Before Judge Whipple. Dooly superior court. July 14, 1908.

*Watts Powell* and *M. P. Hall*, for plaintiff in error.

*John C. Hart, attorney-general*, and *Walter F. George, solicitor-general*, contra.

BECK, J. Jim Young was indicted for the offense of murder, the person alleged to have been murdered being one Boisey Walker. The trial resulted in a verdict finding the accused guilty of the offense of murder. A motion for a new trial was made, and overruled, to which ruling he excepted.

1. Counsel for plaintiff in error insist that, under the evidence in the case, a verdict against the defendant, finding him guilty of the offense of murder, was unauthorized. An examination of the evidence, however, discloses that the testimony of the witnesses for the State, especially the testimony of the eye-witness Bill Peavy, who had full opportunity of seeing and hearing all that occurred between the deceased and his slayer at the moment when the fatal shot was fired and just previously to the time of firing the shot, was such as to authorize the jury to find the killing to be murder, unprovoked and without any circumstances to palliate the crime. The testimony of the witness referred to is corroborated by that of other witnesses introduced by the State. This testimony the jury had a right to credit and give effect to, although it was in sharp conflict with the testimony of certain witnesses introduced by the defendant.

2. The defendant, upon the trial, insisted that the homicide occurred during the progress of a mutual combat between the deceased and the plaintiff in error, and that the latter shot the former in self-defense; and introduced testimony to show that the deceased was advancing towards and attempting to strike the accused with an open knife at the time the pistol was discharged. There was a question made by the evidence as to whether or not the deceased had a knife at that time, and it was material to the defense to show that their affirmative contention in regard to this question was true. And the defendant offered certain evidence tending to show that, as a matter of fact, the deceased had the knife at the time he was shot, and, in support of this contention, the evidence of one Pattishal was offered. This testimony was at first repelled by the court, upon objection of State's coun-

sel, but subsequently, after the introduction of other testimony, making more clear the relevancy and materiality of that which had been repelled, the court admitted the testimony which he had at first excluded. This would undoubtedly have cured the error, if there was error in excluding the testimony. Plaintiff in error contends that the court committed error in remarking in the hearing of the jury, when the evidence just referred to was admitted, that "the court would admit it and let the jury pass on it for what it was worth," and it is insisted that in making the remark quoted the court "did reflect his opinion as to the importance of the evidence set out, and, in a manner, reflected on said evidence." We do not think that the remark made by the court would bear the construction placed on it by counsel for the plaintiff in error. The remark did not contain an expression or intimation of opinion as to the weight the jury should give to the testimony in question. And if the remark in any "manner reflected on said evidence," the court afterwards explained to the jury that the remark should not be construed by them as containing any intimation on his part as to the weight the jury should give to the evidence. It would have been better for the court to have admitted the testimony and omitted making the observation complained of; but we do not think that any injury resulted to the defendant on trial by the remark made by the court.

3. The alleged newly discovered evidence, upon which one ground of the motion for a new trial was based, is purely cumulative, and that ground, consequently, presents no reason for setting aside the verdict and ordering a new trial.

*Judgment affirmed. All the Justices concur.*