## 2256. ATKINS v. THE STATE.

The fact that one is a juror trying a case does not disqualify him as a witness. The defendant in a criminal case is not deprived of the right of trial by a fair and impartial jury merely because one or more of the jurors trying the case are called as witnesses for the State as to a matter other than the commission of the crime itself.

Accusation of sale of liquor; from city court of Sandersville— Judge Jordan. October 14, 1909.

Argued November 30,—Decided December 10, 1909.

*Evans & Evans,* for plaintiff in error.

*J. E. Hyman, solicitor,* contra.

POWELL, J. The defendant was convicted of the offense of selling liquor. Apart from the general grounds, which are not meritorious, three exceptions are presented. Two of them may be disposed of summarily. There is objection to the testimony of certain witnesess, called to sustain the general character of the State's witness, on the ground that no impeachment had been sought against him by the defendant. The judge destroys the value of this ground by showing in a note that the defendant had attempted to impeach the witness by proof of contradictory statements. The other ground relates to the failure of the court to instruct the jury as to certain matters not directly and necessarily involved in the determination of the issue. This may be disposed of by the statement that it was not a written request. The main ground relied upon is that two of the jurors who were engaged in the trial of the case were called to the stand and allowed to testify that they were acquainted with the general character of the State's witness, whom the defendant had sought to impeach, and that, from their knowledge of the general character of the witness, they would believe him on oath. The contention of the defendant is that the court, by allowing these two jurors to testify against him, deprived him of the right, guaranteed him by the constitution of this State, that he should be tried by an impartial jury. There is a suggestion that this question should be certified to the Supreme Court, as one of those constitutional questions which the act creating this court requires us to certify. That the defendant is entitled to a trial by an impartial jury is not disputed by the State's counsel. The meaning of the constitutional guarantee is unambiguous and undisputed. The sole question raised by the exception is one of applicability only,—i. e. whether the jurors had been rendered partial or biased merely because they had been called to testify as witnesses in the case. This is no such question as this court is called upon to certify to the Supreme Court. *Fews* v. *State,* 1 *Ga. App.* 122 (58 S. E. 64).

Under the practice in this State and under the common law, it has been held by our courts and by the courts of England that jurors are not rendered incompetent as witnesses merely by the fact of their service in the particular case on trial. Jurors have fre-

quently been called as witnesses, and there is not the slightest suggestion in any of the reported cases that this fact of their being called would render them incompetent as jurors, or would tend so to bias or prejudice them as to deprive the defendant of the fair and impartial trial to which he is entitled.    See *Mitchum* v. *State*, 11 *Ga.* 633; *McMillan* v. *Allen*, 98 *Ga.* 411 (25 S. E. 505); *Chattanooga Ry. Co.* v. *Owen*, 90 *Ga.* 266 (15 S. E. 853); *Savannah·Ry. Co.* v. *Quo*, 103 *Ga.* 125 (2), 127 (29 S. E. 607, 40 L. R. A. 483, 68 Am. St. R. 85).    Indeed, our Civil Code itself, section 5337, provides that "a juror should not act on his private knowledge respecting the facts, witnesses or parties, unless sworn and examined as a witness in the case."

In *McDowell* v. *Sutlive*, 78 *Ga.* 143 (4), 150 (2 S. E. 937), it was held proper for the court to allow counsel for one of the parties to interview one of the jurors pending the trial, for the purpose of ascertaining whether or not he could be used advantageously as a witness to a point in controversy.    Indeed, it would seem to follow from the ruling in *Pettyjohn* v. *Liebscher*, 92 *Ga.* 149 (5), 154 (17 S. E. 1007), as well as from the section of the Civil Code just cited, and the *Owen* case, supra, that if a party desires to take the benefit of the juror's personal knowledge of the character of the witness for truth and veracity, he must call the juror to the stand and swear him as a witness touching his personal knowledge.    Absurd as this rule may be, it seems to be well founded in precedents.

It does not necessarily follow that because a juror expresses the opinion that one of the witnesses is, or is not, worthy to be believed on oath, on account of his general character, he is thereby expressing his opinion as to the guilt or innocence of the accused.    Indeed, the writer of this opinion had a somewhat unique experience in this respect.    When he was practicing law, he defended a client in a criminal case where the State put up only one witness.    It happened that this witness was known to every juror in the box; and they were called to the stand, one by one, and each swore that the State's witness's character was bad, and that, from her character, they would not believe her on oath.    With this, the defendant's counsel, with the utmost assurance which characterizes a young lawyer, closed his case; and the jury convicted his client very promptly; for despite the bad character of the State's witness, there was something in the nature of her testimony as given on the trial, something

in the reasonableness and consistency of her story, which caused them to believe her in the particular instance; and besides, they probably knew the defendant's character, a matter as to which they were not interrogated. There is nothing inconsistent in a jury's rendering a verdict contrary to the evidence of an unimpeachable witness, especially where there is evidence to the contrary from other witnesses. Witnesses of the highest character may swear untruly, from a number of causes which in nowise affect their general credibility, their honesty or their integrity. Some States have passed statutes making jurors incompetent as witnesses in the cause, and rendering witnesses in the cause incompetent as jurors; but in the absence of any such statute, we have no inclination to break in upon the practice so well established and so ancient of recognition. Upon the subject generally, see 17 Am. & Eng. Enc. Law (2d ed.), 1153, and 30 Am. & Eng. Enc. Law (2d ed.), 933.

*Judgment affirmed.*