### 17889.   BURNETT *v.* THE STATE.

Newly discovered evidence the only effect of which would be to impeach a witness for the State did not require a new trial.

DECIDED APRIL 12, 1927.

Possessing liquor; from Gordon superior court—Judge Tarver. November 27, 1926.

*J. H. Paschall, J. M. Lang,* for plaintiff in error.

*C. C. Pittman, solicitor-general, J. C. Mitchell, solicitor-general,* contra.

BLOODWORTH, J.   1.   The only ground of the motion for a new trial other than the general grounds is based upon alleged newly discovered evidence, the only effect of which would be to impeach a witness for the State. Even "though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted." *Arwood* v. *State,* 59 *Ga.* 391; *Levining* v. *State,*

---

Criminal Law, 16 C. J. p. 1202, n. 70; p. 1205, n. 90; p. 1230, n. 66.

13 *Ga.* 513; *Wright* v. *State*, 34 *Ga.* 110 (2); *Jackson* v. *State*, 93 *Ga.* 190 (18 S. E. 401); *Haynes* v. *State*, 18 *Ga. App.* 741 (3), 742, 743 (90 S. E. 485), and cit. "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the *names* of his associates [italics ours], a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground." *Ivey* v. *State*, 154 *Ga.* 63 (6) (113 S. E. 175). Under the foregoing rulings the court properly refused to grant a new trial upon the ground of newly discovered evidence.

2. There was ample evidence to support the finding of the jury. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*