## SMITH *v.* THE STATE.

No. 6925. April 13, 1929. Rehearing denied June 13, 1929.

*A. B. Taylor, Smith & Millican,* and *Willis Smith,* for plaintiff in error.

*George M. Napier, attorney-general, William Y. Atkinson, solicitor-general, T. R. Gress, assistant attorney-general, L. B. Wyatt* and *J. J. Reese,* contra.

Hines, J. Smith was indicted for the murder of Ellis Powers.

On his trial he was convicted, without a recommendation; and was sentenced to be electrocuted. He moved for a new trial on the formal grounds, and upon certain special grounds. The trial judge overruled his motion for new trial, and to this ruling he excepted.

■ Seven grounds of the motion for new trial are based upon newly discovered evidence. The evidence in six of these grounds consists of statements and conduct of the deceased, tending to show a purpose on his part to debauch two of the daughters of the defendant, and of warnings by the defendant to the deceased to desist from such conduct. The evidence embraced in the other of these grounds was that of a daughter of the defendant, who was sworn on his trial and in his behalf as a witness. In her affidavit she deposed that when she saw the deceased coming down the road just before the homicide she was afraid there would be trouble, and as soon as she saw her father start towards the truck and turn his back to her she waved to the deceased to go on and not stop, she having told her father just prior to this time of the improper proposals made to her by the deceased; that no one asked her, when sworn on the trial, about motioning to the deceased to drive on, that her father did not see her wave to the deceased; and that she had not told him or his attorneys about it, and no one knew about it until after the trial in this case, except her and the wife of the deceased. On the trial the defendant introduced evidence of declarations and conduct on the part of the deceased, tending to show a purpose on his part to debauch the daughters of the defendant. In the affidavits made to support the witnesses deposing as to this newly discovered evidence, the makers state that these witnesses associated with the best people in the communities of their residences, but fail to give the names of their associates.

(a) Motions for new trial based on newly discovered evidence are not favored by the courts. *Monroe* v. *State, 5 Ga.* 85 (6); *Young* v. *State, 56 Ga.* 403.

(b) Newly discovered evidence which is cumulative, and tends to establish a fact in relation to which there was evidence on the trial, is not good cause for a new trial. *Roberts* v. *State, 3 Ga.* 310 (2); *Young* v. *State,* 131 *Ga.* 498 (62 S. E. 707); *Phillips* v. *State,* 163 *Ga.* 12 (135 S. E. 421).

(c) Affidavits introduced to support witnesses deposing as to newly discovered evidence should give the names of the associates

of such witnesses; and a statement that such witnesses keep good company is not sufficient to meet this requirement. *Young* v. *State*, supra; *Ivy* v. *Stale*, 154 *Ga.* 63 (113 S. E. 175).

(*d*) Due diligence ought to have enabled the defendant to discover all facts helpful to his cause within the knowledge of his daughter, and especially when she was sworn as a witness in his behalf as to certain facts material to his defense, and did not state other facts favorable to her father because she was not asked as to them. *Roberts* v. *State*, supra; *Greer* v. *Raney*, 120 *Ga.* 290 (47 S. E. 939) ; *Chandler* v. *Mutual Life &c. Asso.*, 131 *Ga.* 82, 88 (61 S. E. 1036).

(*e*) Applying the above principles, the trial judge did not err in overruling the grounds of the motion for new trial based upon newly discovered evidence.

■ The defendant further moved for a new trial upon the ground that A. W. Stallings and Frank P. Jackson, two of the jurors who tried his case, were not fair and impartial jurors, and for this reason were disqualified and incompetent to act as jurors in the trial of his case. The only evidence to sustain the disqualification of the juror Stallings is embraced in the affidavit of B. F. Shiry, who deposes that he heard Stallings say, before the trial, that he had known the defendant all his life, that the defendant was rough, that it would not do for the defendant to have him on his case, and that they had better not take him on a case like that of the defendant. The State introduced the affidavit of the juror Stallings, in which he denied that he made the statements attributed to him in the affidavit of Shiry. In support of the allegation that Jackson was not fair and impartial, and for this reason was disqualified and incompetent to act as a juror in the case, the defendant introduced the affidavit of W. W. Lipham, that on or about June 28, 1928, he heard this juror say that the defendant ought to be mobbed, and say something about what he would do if he was on the jury, but witness can not hear very well and did not understand what he said he would do if he was on the jury. The defendant introduced also the affidavit of W. W. Spradlin, who deposed that on June 28, 1928, in front of Charley Lipham's store, several persons were congregated and were talking about the shooting of the deceased by the defendant, and that he heard the juror Jackson say that the defendant ought to be mobbed, and that if

they did not mob him, if he were on the jury he would do all he could to hang him. The defendant introduced also the affidavit of J. C. Spradlin, in which he deposed that on the above date he was in front of Charley Lipham's store, and heard this juror talking about the defendant shooting the deceased, and heard the juror say that the people ought to take him out of jail and mob him, and that if they did not, if he was on the jury he would do all he could to hang him. The defendant introduced the affidavits of three witnesses, in which they deposed that the character and credibility of the above affiants were good, and that they were worthy of belief. In rebuttal of this showing the State introduced the affidavit of this juror, in which he denied making the statements attributed to him in the affidavits of Lipham and the Spradlings; and an affidavit of 33 affiants, in which they depose that this juror was a man of good character and worthy of belief.

(a) In the case of the juror Stallings there is the affidavit of Shiry, in which he deposes to facts tending to show that this juror was not a fair and impartial juror to try defendant's case; and we have the affidavit of the juror in which he denies making the statements attributed to him by Shiry. There should be the affidavits of at least two witnesses, or what is equivalent thereto, against such oath of the juror; otherwise it is but oath against oath; and for this reason the verdict will not be set aside on the ground of the incompetency of the juror. *Crawley* v. *State,* 151 *Ga.* 818 (2 a) (108 S. E. 238, 18 A. L. R. 368) ; *Coggeshall* v. *Park,* 162 *Ga.* 78 (3) (132 S. E. 632).

(b) Where an attack is made upon a juror after verdict, because of bias and prejudice toward the defendant, and there is evidence pro and con upon the subject, the finding of the trial judge in favor of the competency of the juror will not be reversed, it not appearing from all the facts that he abused his discretion. *Stiles* v. *State,* 154 *Ga.* 86, 95 (113 S. E. 208) ; *Webb* v. *State,* 166 *Ga.* 218 (5) (142 S. E. 898). This is so although the evidence offered by the State is that alone of the juror whose impartiality is attacked. *Stiles* v. *State,* supra. We can not say that the judge as trior abused his discretion in holding that the juror Jackson was not incompetent, although the odds may seem to be against the impartiality of the juror when considered solely from the standpoint of the number of witnesses testifying against his impartiality.

■ Defendant alleges that the court, after giving in charge to the jury an instruction touching the right of a father to kill a man who is attempting to debauch his daughter, erred in failing to charge, in connection with such instruction, that the jury should acquit him if they found that he acted in self-defense, or to repel a felony which was about to be committed upon his person, or if he acted under the fears of a reasonable man that his life was in danger or that a felony was about to be committed upon his person. Defendant contends that this failure to charge confused the jury and excluded from their consideration his real defense that he acted under the fears of a reasonable man that the deceased was about to take his life or was about to commit a felony upon his person. This assignment of error is without merit. The trial judge in his instructions to the jury fully charged the law applicable to these theories of defense; and he did not err because he did not give the law applicable to these theories of defense in immediate connection with his instruction touching the right of the father to kill the deceased to prevent him from debauching his minor daughter. Such failure could not confuse or mislead the jury.

■ In his motion for new trial the defendant alleges that four of the jurors who tried his case were not put upon their voir dire, that the voir dire questions were not propounded to them, that the defendant and his counsel did not know of this fact until after the conviction of the defendant, and that for this reason the jurors were not qualified and competent to try his case. On trials for felonies any juror may be put upon his voir dire, under the Penal Code, § 1001, and then the questions embraced in said section shall be propounded to him. The right to have jurors put upon their voir dire may be waived by a defendant; and where a jury is selected without any request being made by defendant or his counsel to have the jurors put upon their voir dire, this right is thereby waived. The fact that the prisoner and his counsel did not know that the jurors were not put upon their voir dire until after verdict is no sufficient reason for granting a new trial, unless it appears that they could not have discovered the existence of the fact by the exercise of ordinary diligence. *Burns* v. *State,* 80 *Ga.* 544 (7 S. E. 88); *Jones* v. *State,* 95 *Ga.* 497 (20 S. E. 211); *Massey* v. *State,* 124 *Ga.* 24 (52 S. E. 78). It is inconceivable

that counsel for the defendant could have participated in the selection of the jury and, by the exercise of ordinary care, not have known that jurors had not been put on their voir dire. The statement in their affidavit, that they did not know this fact and that in the exercise of ordinary care they could not have known it, is such an improbable conclusion that the facts upon which it is based should be stated; and in the absence of such facts the conclusion can not be accepted as correct.

It is urged by counsel for the defendant that he could not, under the facts of this case, legally be convicted of any greater offense than that of voluntary manslaughter. We can not hold as a matter of law that this contention is well founded. This was a matter for the determination of the jury under the facts of the case.

The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*