### 20642. STUBBS *v.* THE STATE.

DECIDED JULY 15, 1930. REHEARING DENIED OCTOBER 2, 1930.

*W. O. Cooper Jr.,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

BLOODWORTH, J. 1. The 1st special ground of the motion for a new trial alleges error in that "the State failed to prove the venue of the alleged crime." Whether upon conflicting evidence the venue has been proved or not is a question for the jury. In his charge the judge called to the attention of the jury more than once the fact that the allegation in the indictment was that the crime was committed in Jones county, and told the jury that this was one of the material issues in the case. He charged also that "every question of fact involved in the trial of this case is entirely a question for your consideration and for your determination." So the jury must have known that the question of venue, as every other material question of fact in the case, was for their determination,

and the fact that they found a verdict of guilty shows that they were convinced by the evidence that the crime was committed in Jones county. In addition, there was attached to this ground of the motion a note by the trial judge, in which is the following: "Did you love him at the time you announced to him that you were with child?" "Yes, sir." "What county did he have this intercourse with you in?" "Jones county." In his note the judge states that "This is the official report of the stenographer as copied from his notes as to the evidence of Miss Claudie Massengale [the female alleged to have been seduced], as to the venue proved in said case." There is no merit in this ground of the motion.

2. When read in connection with the remainder of the charge, there is no error in any of the excerpts therefrom of which complaint is made in grounds, 2, 3, and 6 of the motion for a new trial. The facts in this case clearly differentiate it from the principle announced in *Joiner* v. *State,* 37 *Ga. App.* 487 (140 S. E. 799).

3. In the 4th special ground it is alleged that the court erred in charging the jury, in that after charging them that if they did not believe the accused guilty of seduction, they could take up the question of whether or not he was guilty of fornication, and, after having charged what was necessary to constitute fornication, failed to tell the jury that fornication was a misdemeanor, and that should they convict him of this offense the defendant would be punished as for a misdemeanor. It is hardly believable that a jury of ordinary intelligence would not know that fornication is a misdemeanor and upon conviction would be punished as such. For no reason assigned did the court err in failing to instruct the jury that fornication was a misdemeanor, or in failing to tell them what the punishment would be in a misdemeanor conviction.

4. Special ground 5 of the motion is based upon alleged newly discovered evidence. "Motions for new trial based on newly discovered evidence are not favored by the courts." *Monroe* v. *State,* 5 *Ga.* 85 (6); *Young* v. *State,* 56 *Ga.* 403. Newly discovered evidence which is cumulative and tends to establish a fact in relation to which there was evidence on the trial is not good cause for a new trial. *Roberts* v. *State,* 3 *Ga.* 310 (2); *Young* v. *State,* 131 *Ga.* 498 (62 S. E. 707); *Phillips* v. *State,* 163 *Ga.* 12 (135 S. E. 421). See *Burnett* v. *State,* 36 *Ga. App.* 647 (137 S. E. 796), and cit.

The alleged newly discovered evidence referred to in this ground is cumulative and impeaching.

5. There is ample evidence to support the finding of the jury. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*