20701. WILLIAMS *v.* THE STATE.

DECIDED OCTOBER 8, 1930.

*Kirkland & Kirkland,* for plaintiff in error.

*L. C. Anderson, solicitor,* contra.

BLOODWORTH, J. 1. The first special ground of the motion

for a new trial alleges that another trial should be granted "for the reason that when the case was called and both sides announced ready for trial, the rule of sequestration was invoked on both sides. The witness for the State and the defendant were sequestered. That the accusation was then handed to the attorneys representing the defendant, who signed the following waiver: 'Copy of accusation and list of witnesses and formal arraignment waived.' That at the time of signing said waiver the name of W. H. Blackburn did not appear upon the back of the accusation." W. H. Blackburn was selected as a juror and served on the trial of the case against the accused. During the progress of the case Blackburn was called from the jury box to testify in the case, and the following objection was made: "I object to Mr. W. H. Blackburn testifying, on the ground that his name did not appear on the back of the accusation at the time the waiver was signed in this case. We waived arraignment, and I waived everything that appeared on the indictment at the time, and his name did not appear on the accusation, and I object to him testifying." The accused made no demand, as provided by § 970 of the Penal Code (§ 6361 of the Civil Code), that he be furnished with "a copy of the accusation and a list of the witnesses on whose testimony the charge against him was founded." Even when furnished with a list of witnesses, "another witness whose name was not on the list is not rendered incompetent to testify on the trial." *Inman* v. *State,* 72 *Ga.* 269. The solicitor-general was under no obligation to disclose to the defendant other witnesses whom he might see fit to call during the progress of the trial. In *Atkins* v. *State,* 7 *Ga. App.* 201 (66 S. E. 479), the headnote is as follows: "The fact that one is a juror trying a case does not disqualify him as a witness. The defendant in a criminal case is not deprived of the right of trial by a fair and impartial jury merely because one or more of the jurors trying the case are called as witnesses for the State as to a matter other than the commission of the crime itself." See *Savannah, Fla. & Western Ry. Co.* v. *Quo,* 103 *Ga.* 125 (2) (29 S. E. 607, 40 L. R. A. 483, 68 Am. St. R. 85); *Thomas* v. *State,* 7 *Ga. App.* 615 (67 S. E. 707).

2. A ground of the motion alleges that the court erred in ruling out "the warrant, accusation, and appearance bond against Fred De Loach." This ground alleges that the evidence "was offered for the sole purpose of discrediting the testimony of Fred

De Loach." With what De Loach was charged does not appear. The mere fact that an accusation and a warrant had been issued against him and that he had given a bond affords no ground for his impeachment. It is only when a witness is charged with a misdemeanor and has been convicted of a misdemeanor involving moral turpitude that a charge can serve as a basis of impeachment or can be held as a ground for discrediting him. *Howard* v. *State,* 144 *Ga.* 170 (2 a) (86 S. E. 540); *Wheeler* v. *State,* 4 *Ga. App.* 325 (2) (61 S. E. 409). The offense of selling intoxicating liquors is not an offense involving moral turpitude.

3. In special ground 6 of the motion the judge is alleged to have made the following remark: "I rule that fishing is not bad, that a man has not got a bad character that fishes. I rule that now." This remark was made during an attempt to impeach Fred De Loach by showing that he "had no permanent place of abode, and was constantly on the road from house to house, and that he made his living by fishing in the stream of the Canoochee river on other peoples' land and selling the fish." The court is alleged in making that remark to have "intimated to the jury his opinion of the credibility of the witness." There is no merit in this contention. Moreover, "Prejudicial remarks of the judge in the presence and hearing of the jury on the trial of a criminal case are not cause for a new trial when there was no motion for a mistrial on account of them." *Davis* v. *State,* 40 *Ga. App.* 123 (4) (149 S. E. 51), and cit.

4. Special ground 7 of the motion is based upon alleged newly discovered evidence. "'Motions for new trial based on newly discovered evidence are not favored by the courts.' *Monroe* v. *State,* 5 *Ga.* 85 (6); *Young* v. *State,* 56 *Ga.* 403. Newly discovered evidence which is cumulative and tends to establish a fact in relation to which there was evidence on the trial is not good cause for a new trial. *Roberts* v. *State,* 3 *Ga.* 310 (2); *Young* v. *State,* 131 *Ga.* 498 (62 S. E. 707); *Phillips* v. *State,* 163 *Ga.* 12 (135 S. E. 421)." *Stubbs* v. *State,* 41 *Ga. App.* 837 (155 S. E. 100). In *Burnett* v. *State,* 36 *Ga. App.* 647 (137 S. E. 796), it was held: "Even though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted." See cases

cited. The alleged newly discovered evidence referred to in this ground is cumulative and impeaching.

5. This court can not say that there is no evidence to support the finding of the jury. The judge approved the verdict, and no error was committed when the motion for a new trial was overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*