21008.   BUTLER *v.* THE STATE.

DECIDED JANUARY 14, 1931.

L. B. *Wyatt*, L. M. *Wyatt*, for plaintiff in error.

L. L. *Meadors, solicitor,* contra.

BLOODWORTH, J.   Lewis Butler was convicted under an accusation which charged that he did "have, possess, and control alcoholic and intoxicating" liquors. He filed a motion for a new trial on the general grounds, and amended his motion by adding a special ground in which he insisted that he should be granted a new trial because of certain alleged newly discovered evidence. In the brief filed by the attorneys for the plaintiff in error they concede that the evidence was sufficient to authorize the conviction of the accused; therefore the only question for this court to determine is whether a new trial should be granted on account of the newly discovered evidence. The only effect of this alleged newly discovered evidence would be to impeach the evidence of the chief witness for the State. In *Morgan* v. *State*, 38 *Ga. App.* 686 (5) (145 S. E. 521) this court said: "The ground of the motion for a new trial based upon alleged newly discovered evidence is an attempt to discredit the evidence of the principal witness for the State. 'Though the witness sought to be impeached by newly discovered evidence was the

only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted.' *Burnett* v. *State, 36 Ga. App.* 647 (137 S. E. 796), and citations." Under this ruling the special ground of the motion is without merit. Moreover, "before a new trial should be granted upon alleged newly discovered evidence, it should be such as, if believed, would probably produce a different verdict upon another trial, and such evidence as would be 'decisive of the controversy.'" *Oglesbee* v. *State, 25 Ga. App.* 750 (*a*) (105 S. E. 51). On the trial the witness for the State, Russell Butler, swore: "I never sold any liquor in LaGrange in my life. I never had anything to do with any liquor except the night I was caught in this case and when I went and got the 22 gallons as before stated." This evidence flatly contradicts the alleged newly discovered evidence. Under these circumstances this evidence, if admitted on another trial, would hardly produce a different verdict. Certainly it is not "such evidence as would be decisive of the controversy."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*