## 25152. BROOKS v. SELF.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

DECIDED APRIL 13, 1936.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*W. E. & W. G. Mann,* for plaintiff. *R. C. Pittman,* for defendant.

JENKINS, P. J. In this action for personal injuries, the jury returned a verdict for the defendant. The court refused a new trial. The only ground of the amended motion for new trial that is argued or insisted upon is the verified special ground, that "when the case was called, movant requested the court to put the jurors on their voir dire before being put on [him], and panel of 24 jurors having first been put upon their voir dire and questioned by the court, and having answered under oath that they were impartial and had no desire either way as to which party should prevail in the case, said panel of 24 so put upon movant to strike from included one Carl Loner who had so qualified, and movant was forced to strike said Carl Loner and exhaust one of his strikes;" that "it later developed in the trial of the case that said Carl Loner, said juror, was a witness for the defendant, Ivan Self, and was sworn and examined in the cause for said Ivan Self, and swore that he was at Mr. Woods' at the time of the wreck and at night went up to where the wreck occurred and examined the tracks and saw the location of the school bus and the truck, and that he was friend of Mr. Self's and had talked with Mr. Self's attorney about the case and with Mr. Self." "Movant says that Mr. Loner was not a qualified juror to have put upon him and forced him to strike, and because the said juror was not qualified as aforesaid and was interested in the cause and later testified in the cause, it deprived movant of a panel of 24 qualified jurors from which to strike, and because thereof a new trial should be

granted in this cause. That all of the partiality and disqualification of said juror was unknown to movant or his counsel at the time." In his testimony, the juror testified substantially as alleged, with the additional statement, "The reason I went over to the wreck, I heard it." No allegations of fact other than as stated, and nothing else appears in the record, as to any bias or other disqualification of the juror.

"Upon the trial of any civil cause in any court in this State, a person is not necessarily disqualified as a juror because he may know some facts material to be proved by him as a witness for one of the parties to the controversy. Knowledge of a material fact favorable to one side is one thing; bias and prejudice in favor of that party is an entirely different thing." *McMillan* v. *Allen,* 98 *Ga.* 405, 411 (25 S. E. 505). Assuming without deciding that the rule in this State would follow the apparent weight of authority that either party may challenge for cause a juror who has been summoned as a witness by the other party, or who, although not summoned, is attending court for the purpose of serving as a witness (see 35 C. J. 313, and cit.) ; it was not made to appear in the instant case that the person, whose qualification as a member of the jury panel was attacked because he testified as a witness but who did not serve on the trial jury, had been summoned as a witness by either party, or was attending court for the purpose of testifying, rather than that he merely testified without any summons as a witness while attending court only under his summons as a juror. Nor would the mere facts that he was a friend of the successful defendant, for whom he testified, and had talked with the defendant and the defendant's attorney "about the case," show bias, prejudice, or other disqualification; where it was in no way made to appear that the friendship was of such intimacy or nature as actually or presumably to control or affect the interest of the juror in favor of such party, or made to appear that the juror, by talking to the party and the attorney and testifying, did so on his own initiative, or thus expressed any opinion as to the merits of the case, or thus manifested or held any bias, prejudice, or undue interest in the litigation, affecting his impartiality. See 35 C. J. 327, 331, 332, 335, and cit. Therefore, the judge did not err in denying a new trial to the plaintiff, on the ground stated, even though, under his verified motion, he had no knowl-

edge of the alleged disqualification at the time the panel of twenty-four jurors was put upon him, and exhausted a strike, which he would otherwise have had, by having to strike the name of the juror.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*