25764. MORRIS *v.* THE STATE.

Decided September 22, 1936.

*E. J. Ennis, Roy B. Frieden, Underwood & Underwood, McDonald & McDonald,* for plaintiff in error.

*Allan C. Garden, solicitor-general, Watts Powell,* contra.

MacIntyre, J. ■ Since the jury was warranted in concluding, from the State's evidence, that Wright Morris waited just outside of the Bank of Unadilla, in an automobile with its motor running, while Julian McDuffie and another man robbed said bank, and that immediately after the robbery said two men hurriedly left the bank and drove rapidly away with the defendant in the waiting automobile, this court holds that the judge did not err in overruling the general grounds of the motion for a new trial.

264

■ The gist of special grounds 1 and 2 is that the court (without request) nowhere instructed the jury (1) "that the burden is upon the State to prove each and every material allegation of the indictment beyond a reasonable doubt," or (2) "that the burden is upon the State to prove the guilt of the defendant beyond a reasonable doubt." To each of these grounds the court appended this note: "Covered by the general charge." The general charge of the court is not specified in the bill of exceptions, and it does not appear in the record. Neither of these grounds is meritorious. See the companion case of *McDuffie* v. *State,* 54 *Ga. App.* 261 (187 S. E. 672), where identical grounds were decided adversely to the contentions of the plaintiff in error.

■ On the trial the defendant introduced numerous witnesses to establish his defense of alibi, that when the bank was robbed at half past one o'clock on the afternoon of September 16, 1935, he was in or near Glenwood, approximately sixty miles from Unadilla, the scene of the robbery. Much of this testimony, as well as the defendant's statement, was, if believed by the jury, abundantly sufficient to establish the alibi. Newly discovered evidence, purely cumulative in character, will not require the grant of a new trial. *Roberts* v. *State,* 3 *Ga.* 310 (2); *Young* v. *State,* 131 *Ga.* 498 (62 S. E. 707); *Phillips* v. *State,* 163 *Ga.* 12 (135 S. E. 421); *Smith* v. *State,* 168 *Ga.* 611 (*b*), 612 (148 S. E. 531). "Cumulative evidence is defined to be 'additional evidence offered to establish a fact to which witnesses have already testified.' It does not necessarily include all evidence which tends to establish the same ultimate or principally-controverted fact." *Dale* v. *State,* 88 *Ga.* 552 (5), 561 (15 S. E. 287). This last ruling was applied in *Fellows* v. *State,* 114 *Ga.* 233, 238 (39 S. E. 885), where the defense was alibi, and the newly discovered evidence "located the accused at a different place and time from that testified to by any other witness." "Courts are not obliged to grant a new trial for newly discovered evidence unless they are reasonably convinced that on another trial there would probably be a different verdict." *Young* v. *State,* 56 *Ga.* 403 (4). A careful analysis of the evidence in the instant case leads us to the conclusion that the judge was warranted in finding that the newly discovered evidence was cumulative and would not probably produce a different verdict on

another trial; and we hold that it was not error to overrule the ground based on newly discovered evidence.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*