34815, 34816. TUMLIN *v.* THE STATE (two cases).

CARLISLE, J. George E. Tumlin was indicted for driving under the influence of intoxicants, and also indicted for assault and battery with an automobile. On each of the indictments the defendant waived the copy of the indictment, list of witnesses, formal arraignment, and pleaded not guilty. As the two indictments grew out of the same transaction, the cases were tried together by agreement. The defendant was found guilty under each indictment. His motions for new trial, based upon the usual general grounds and three special grounds, are identical, and upon their being overruled he appealed to this court for review. Under these circumstances the two cases are considered here together, as a decision on the questions raised by the motions for new trial will be determinative of both cases.

1. In special ground 1 of the motions for new trial, complaint is made because the trial court, over objection, allowed a juror impaneled to try the cases, to testify that at the time he, an ambulance driver, took the defendant out of his automobile following the collision, he smelled alcohol on the defendant's breath. The ground of the complaint is that the introduction of the evidence deprived the defendant of a fair trial before a panel of jurors who were unbiased and without prejudice, in violation of the Constitution of the State of Georgia (Code, Ann., § 2-105). It is too well settled to admit of discussion that a juror is

not incompetent to testify as a witness solely on account of having been impaneled and sworn in the case, if he is otherwise competent. Code § 110-108; *Savannah, Florida, &c. Ry. Co.* v. *Quo,* 103 *Ga.* 125 (2) (29 S. E. 607, 40 L. R. A. 483, 68 Am. St. R. 85); *Curtis* v. *Burney,* 55 *Ga. App.* 552 (190 S. E. 866); *Chattanooga, Rome & Columbus R. Co.* v. *Owen,* 90 *Ga.* 266 (15 S. E. 853), and citations. Nor is the defendant in a criminal case deprived of the right of trial by a fair and impartial jury merely because one of the jurors trying the case is called as a witness for the State. *Williams* v. *State,* 42 *Ga. App.* 225 (155 S. E. 511); *Atkins* v. *State,* 7 *Ga. App.* 201 (66 S. E. 479); Rex *v.* Perkins (1698) 90 Eng. Rep. 1122. There is no merit in special ground 1 of the motions for new trial.

2. In special ground 2 error is assigned upon the following excerpt from the charge to the jury: "Now, gentlemen, I charge you in the case here regarding the charge of driving while under the influence of intoxicating liquors, beers and so forth, I charge you that you may consider any incriminating statements made by the defendant, if he made any such statements, as to whether or not he was driving, and as to whether or not he was intoxicated at the time in question, provided you find that such statements were made freely and voluntarily by him at the time." The ground of complaint is that there was no evidence that the defendant made any incriminating statements and the charge served to confuse and mislead the jury. This ground is without merit. "An incriminating statement is one freely and voluntarily made by the accused, which only tends to establish his guilt of the offense charged, or one from which, together with other proven facts and circumstances, guilt may be inferred by the jury. *Fletcher* v. *State,* 90 *Ga.* 468 (17 S. E. 100); *Riley* v. *State* [1 *Ga. App.* 651, 57 S. E. 1031]." *Presley* v. *State,* 201 *Ga.* 267, 270 (39 S. E. 2d 478). There is evidence that the defendant freely and voluntarily admitted to the county policeman, who was investigating the wreck of the defendant's automobile, that he was driving his automobile at the time of the wreck. The defendant also admitted in his statement to the jury that he was driving at the time in question. Under the indictment charging him with driving under the influence of intoxicants, the defendant's admission that he was driving at the time in question constituted an incriminatory admission, and there was no error in the court's charging on the subject of incriminatory statements.

3. The charge of the court on the law relative to circumstantial evidence, of which complaint is made in special ground 3 of the motions for new trial on the ground that there was no such evidence adduced upon the trial, is without merit.

4. From the evidence relative to the place of the collision between the defendant's automobile and that of Rutledge (the intersection of the old and new Highways 41 south of Acworth, Georgia), the admission of the defendant that he was exceeding the speed limit on the new highway on a dark rainy night, the evidence that the ambulance driver who removed the defendant from the wreckage smelled alcohol on his breath and was of the opinion that he was extremely intoxicated, the evidence of an investigating officer that he smelled alcohol on the defendant's breath at the hospital later the same night, the evidence that

Rutledge's automobile was standing still at the time of the collision, the jury was authorized to find that the defendant was driving under the influence of intoxicants and with a disregard for the lives of others. The verdicts of guilty were authorized, and the trial court did not err in denying either of the motions for new trial. *Fowler* v. *State,* 82 *Ga. App.* 197 (60 S. E. 2d 473).

Judgments affirmed. *Gardner, P.J., and Townsend, J., concur.*

Decided September 16, 1953.

*Ben F. Smith, W. H. Burke,* for plaintiff in error.
*Luther C. Hames, Jr., Solicitor-General,* contra.