## 27846. PASCHAL v. THE STATE.
## 27847. JACKSON v. THE STATE.

GUNTER, Justice. These two appeals result from convictions in the trial court for armed robbery and criminal trespass to property in the second degree. The appellants were tried together in one trial, each of them was convicted for having committed the two crimes charged, and both have appealed directly from the judgments of conviction.

1. The first enumerated error complains of a portion of the court's charge to the jury. The court charged as follows: "If you believe from all the evidence in the case that the defendants are guilty of the offense of armed robbery beyond a reasonable doubt, then it would be your duty to convict them, . . . If you believe from all the evidence in the case that the defendants are guilty of the offense of criminal damage to property in the second degree beyond a reasonable doubt then it would be your duty to convict them, . . ."

The appellants complain of the words "duty to convict" in this portion of the charge.

This contention is without merit. If a unanimous jury, after having considered all of the evidence in the case, believes beyond a reasonable doubt that the accused parties are guilty of having committed the crimes charged, then the members of the jury do, pursuant to the law and the oaths taken as jurors, have a "duty" to return verdicts of guilty. The use of the words "duty to convict" in the context of the charge quoted above is not unfair, oppressive, or detrimental in any way to the accused.

2. The second enumerated error complains of the court's charge on the subject of alibi. A portion of the court's charge was as follows: "You are at last the sole and exclusive judges of what witness or witnesses you will

believe or disbelieve, and what testimony you will credit or discredit, and whether a particular witness has been satisfactorily impeached or not. I charge you that alibi involves the impossibility of the accused's presence at the scene of the offense at the time of its commission. Any evidence whatsoever of alibi is to be considered on the general case with the rest of the testimony, and if a reasonable doubt of guilt be raised by the evidence as a whole the doubt must be resolved in favor of innocence. Now, ladies and gentlemen, with these principles in mind and always remembering that the burden is on the State to prove the guilt of the defendants beyond a reasonable doubt, I will now instruct you regarding the specific charges against the defendants, . . ."

The appellants contend that this instruction to the jury restricted the range of evidence beyond proper and legal limits because the trial court tied alibi to the rest of the evidence in the case.

We find no fault with this portion of the court's charge. This enumerated error is without merit.

3. The third enumerated error complains that one of the jurors participating in the trial of the case was called as a character witness in behalf of the victim of the alleged crimes.

The transcript shows that the juror was examined and cross examined by counsel for the appellants, and there was no objection to the direct examination of the witness or to the cross examination of the witness by either the appellants or the state.

No objection to the juror's testimony having been made during the trial, complaint about it after conviction comes too late.

Also, on the subject of testimony by jurors, see *Jacobs v. State,* 1 Ga. App. 519 (57 SE 1063) (1907); *Atkins v. State,* 7 Ga. App. 201 (66 SE 479) (1909); *Williams v. State,* 42 Ga. App. 225 (155 SE 511) (1930) and *Tumlin*

*v. State,* 88 Ga. App. 713 (77 SE2d 555) (1953).

The third enumerated error is without merit.

4. Four other errors are enumerated by the appellants. It will have to be sufficient here to say that we have examined all four of these enumerated errors very carefully. They are all without merit insofar as a reversal of the judgments of conviction is concerned, and we do not consider them to be of sufficient merit to warrant further treatment in this opinion.

*Judgments affirmed. All the Justices concur.*

ARGUED APRIL 9, 1973 — DECIDED SEPTEMBER 5, 1973.

*Frank K. Martin,* for appellants.

*Claude N. Morris, District Attorney, Dorthy T. Beasley, Assistant Attorney General,* for appellee.