## 61389. BOGAN v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his armed robbery conviction. The enumerations of error are that the evidence does not support the verdict and fails to establish the defendant was a party to the crime. Code Ann. § 26-801 (Ga. L. 1968, pp. 1249, 1271).

The following relevant facts were adduced on trial. At approximately 11:00 p. m. on November 27, 1979, an attendant at a Warner Robins service station was robbed by two black males carrying revolvers, one silver and the other black. One of the robbers wore a bluish-green ski mask and the other wore a brown wig with pink curlers. They obtained approximately $45 and left on foot. The police were notified and within minutes one officer observed two persons enter an unlighted automobile stopped on a road about a block or 600 feet from the scene of the crime. The automobile left "in quite a hurry, he stepped down on it and left in an extreme hurry." The officer gave chase and with the assistance of other officers stopped the car. Four black males were occupying the vehicle, the defendant being the driver and owner thereof. Discovered in the back seat of the vehicle were a ski mask, a wig with pink curlers and two guns.

The defendant testified that, at the request of one of his brothers, he, two of his brothers and one Solomon drove to Warner Robins from Perry. The automobile began to run hot and he stopped

to put water in the radiator. His brother and Solomon got out and told him they were going to the service station to purchase a six pack of beer. They returned, the defendant drove off and was subsequently stopped by the police. The defendant denied knowledge of his companions' intentions prior to, during or after the robbery up to his arrest. *Held:*

Insofar as it is here applicable Code Ann. § 26-801 (b) provides: "A person is concerned in the commission of a crime only if he: . . . intentionally aids or abets in the commission of the crime." One who is constructively present, aids and abets in the commission of a crime was formerly referred to as a principal in the second degree. *Schmid v. State,* 77 Ga. App. 623, 632 (49 SE2d 134) wherein it was held in defining an accessory "If he is constructively present, keeping watch at some convenient distance and not the perpetrator, he is a principal in the second degree." See 22 CJS 254, Criminal Law, § 86 (b); 21 AmJur2d 197, Criminal Law, § 121.

In an early case *Pirkle v. State,* 11 Ga. App. 98 (74 SE 709) this court found the defendant was aiding and abetting a robbery, where he drove his buggy in front of the victim's carriage, but remained inside while two others robbed an individual and then the three drove off. This court pointed out: "Keeping watch, where several join together to commit a crime, makes the watcher a principal in the second degree, and in this case, if the jury believed that the accused did nothing more than to stand by, holding the horse and buggy so that his confederates might have a convenient opportunity of escape after the commission of the crime, they would have been authorized to find that he was aiding and abetting." Accord, *Fleming v. State,* 149 Ga. App. 781 (256 SE2d 56).

"It has been held that mere presence at the scene of a crime or where criminal acts are committed, even when coupled with flight, is insufficient to authorize conviction." *Williams v. State,* 126 Ga. App. 350, 355 (190 SE2d 785).

"To warrant a conviction on circumstantial evidence the proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis save that of the guilt of the accused. Code § 38-109. *Graham v. State,* 183 Ga. 881, 887 (189 SE 910). In making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted. See *Redwine v. State,* 207 Ga. 318, 324 (61 SE2d 481); *Elam v. State,* 125 Ga. App. 427, 430 (187 SE2d 920); *Vaughn v. State,* supra, at 56." *Barnett v. State,* 153 Ga. App. 430, 432 (3) (265 SE2d 348).

"Whether or not in a given case circumstances are sufficient to

exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. After having heard the witnesses and having observed them testify, they are more capable of judging of the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, and the defendant's statement, than is a court of law. However, this court as a court of law, where there appears a hypothesis from the evidence, or from the lack of evidence and the defendant's statement, pointing to the innocence of the accused, and which tested by all human experience is a reasonable one, may declare it so as a matter of law." *Smith v. State,* 56 Ga. App. 384, 387-88 (192 SE 647). Accord, *Estep v. State,* 154 Ga. App. 1 (267 SE2d 314); *Harris v. State,* 236 Ga. 242, 244 (1) (223 SE2d 643). Applying these principles to the facts of this case we find that the verdict of guilty is not unsupportable as a matter of law since the jury was authorized to determine that the evidence, although circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt.

Applying the rule of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), when viewed in a light most favorable to the verdict, the evidence is sufficient to convince a rational trier of fact as to the defendant's guilt beyond a reasonable doubt.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 20, 1981 —
REHEARING DENIED
MARCH 16, 1981.

*Theron Finlayson, Harry J. Fox, Jr.,* for appellant.
*Stephen Pace, Jr., District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.