## 67701. HEAD v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for armed robbery and enumerates as error the general grounds. *Held:*

The state's evidence was as follows: Just as a McDonald's restaurant was closing for the evening, two masked men accosted the manager and an employee outside the back door and forced them in the back door by the use of a pistol. As they went in the employee saw a car, which he had noticed in the parking lot some minutes earlier, drive up to the back door. The two intruders ordered all the employees into the basement where one of them watched them, and

the other forced the manager to open the safe. Money was taken from the safe and, as the robbers left, the manager heard a car horn and someone outside say "hurry up." Another employee had managed to run from the building undetected as the robbers entered and contacted a policeman in a patrol car. As the police officer came into the McDonald's parking lot, he saw a car at the back, one man run away across the parking lot, and two others drive off in the car at high speed. Unable to catch the car, the officer's broadcast description resulted in the car being stopped by other officers a short time later. In the car was one Ferguson who was the driver and owner, and defendant. The manager and employee whom the robbers had forced into the building were brought to the scene of the apprehension. There the employee identified the car and Ferguson as one of the robbers, and later in court a jacket and pantyhose used by Ferguson as a mask which were found in the car. Both identified defendant as an employee of McDonald's who had not been working that night. At the scene of the apprehension defendant denied that he had been at McDonald's and stated that he and Ferguson had just been riding around by themselves that evening. At the police station defendant stated that he, Ferguson and another man he called Mitch had been riding around smoking marijuana. He passed out and woke up in the McDonald's parking lot. Ferguson and Mitch left the car and told him to get in the driver's seat. When the other two went up to the back door they motioned to defendant to drive the car up there, which he did as they entered the back door. In a few minutes Ferguson and Mitch came running out, Mitch ran away across the parking lot, Ferguson got in the passenger seat of the car and defendant drove the car away. Before they were stopped by the police, Ferguson had taken over the driving. Defendant denied knowing anything about the robbery. Some days later, defendant identified to authorities the other man he had previously referred to as Mitch, as Amis.

Defendant testified in his own defense that he, Ferguson and Amis had been driving around smoking marijuana and stopped in the McDonald's parking lot at closing time. Ferguson and Amis got out, went to the back door and directed him to drive the car up to the back door. He stated he was unaware of the robbery until the other two came running out of McDonald's. Ferguson, not he, drove the car away from McDonald's.

Defendant raises many matters under the general grounds which, after careful examination, we find to be without merit. The issue to be decided is whether the evidence was sufficient to support a finding by the jury that defendant was a party to the robbery.

Mere presence at the scene of a crime is insufficient to authorize

conviction. *Bogan v. State,* 158 Ga. App. 1, 2 (279 SE2d 229).

" 'To warrant a conviction on circumstantial evidence the proved facts shall not only be consistent with the hypothesis of guilt which shall exclude every other reasonable hypothesis save that of the guilt of the accused. [Cits.] In making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted. [Cits.]

" 'Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for the jury.' " Id. at 2, 3.

Defendant's testimony was impeached by the evidence of his prior inconsistent statements to the police. Although he denied prior knowledge of or participation in the robbery, other evidence indicates the contrary. He worked at McDonald's and knew the layout and routine of the business. He admitted to hearing other people talk of robbing McDonald's. He and his two companions arrived at McDonald's just as it closed. Ferguson and Amis got out and defendant watched them go to the back door. He says he did not see any masks or a gun but the robbers had masks and a gun when they accosted the manager and the employee outside the back door. He drove up to the back door when the others signalled him to do so. He says he saw the employee outside the door but didn't see what happened to him. "I wasn't watching that transaction at all." He says he did not sound the horn or call out "hurry up" although those sounds were heard inside. When the other two came running out, he and Ferguson drove off at high speed, with either defendant or Ferguson driving depending on which version of defendant's statements was correct. He says he did not see the pantyhose found in the car which Ferguson wore as a mask or a box of .38 caliber bullets found on the console, although he looked at the console when he drove up to the door. He claimed to be under the influence of marijuana but the arresting officers testified he acted in a rational and normal manner. He admitted he knew a robbery had taken place when the other two came running out and indicated that he knew it was going on when he drove the car up to the door, saying: "at that time the place was being robbed, you know. I just froze. I started to get out and run. Then I just sat there, you know, it was over so quick."

We conclude that the evidence was sufficient to authorize a rational jury to find that defendant was guilty of participating in the robbery beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 309 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED FEBRUARY 23, 1984.

*Alton T. Milam,* for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.