### 43214. JOHNSON v. THE STATE.
(342 SE2d 312)

CLARKE, Presiding Justice.

Appellant was convicted of the armed robbery and malice murder of Joe Bolton in Fulton County, Georgia, by striking him with a hammer.[1] There was evidence that appellant knew the victim, who sold marijuana, had been in the neighborhood a few days before the body was found, and had at one time remarked that he would "get" the victim for not selling him marijuana on credit. The body was not discovered until rigor mortis had set in, indicating that some time had passed between the murder and discovery of the body. Appellant was

---

[1] The crime occurred on April 19, 1984. Appellant was indicted on May 22, 1984, for murder and armed robbery. He was tried June 3, 1985. On June 5 he was convicted on both counts and sentenced on June 6 to two terms of life imprisonment to run consecutively. A motion for new trial was filed June 11, 1985. An amended motion was filed July 5, 1985, and overruled October 15, 1985. The transcript was certified February 18, 1986. The case was docketed in this court February 20, 1986, and submitted for decision April 4, 1986.

arrested in Melbourne, Florida. He drove to Melbourne in the victim's car. Two witnesses testified that appellant told them that he killed the victim with a hammer and that he had killed a nurse in Atlanta.

1. Appellant's first enumeration of error, that the evidence was insufficient, is without merit. There is ample evidence to meet the criteria set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The second and third enumerations of error concern the identity of a small blue bag found in the possession of the appellant. The victim's daughter testified that the bag belonged to the victim and that the toilet articles inside were brands used by the victim. The appellant contends in his second enumeration of error that he should have been granted a continuance to locate his brother who would have testified that the bag was his. However, appellant had no idea how to reach his brother, and his relatives expressed an unwillingness to help locate him. Furthermore, a detective who had talked with the brother during the investigative phase of the trial testified that the brother denied that the bag was his. The grant of a continuance is within the discretion of the trial court. OCGA § 17-8-22; *O'Neal v. State*, 254 Ga. 1 (325 SE2d 759) (1985). Where there is no indication that the continuance would have benefited the defendant, it cannot be said to be necessary. Therefore, there could have been no breach of discretion.

3. In his third enumeration appellant complains that the testimony of the detective who testified that his brother denied ownership of the bag was hearsay. However, since appellant did not object to this testimony at trial, he cannot now complain on appeal. *Harrison v. State*, 251 Ga. 837 (310 SE2d 506) (1984); *Anderson v. State*, 249 Ga. 132 (287 SE2d 195) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 1986.

*J. Douglas Willix, L. James Weil, Jr.*, for appellant.
*Lewis R Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General*, for appellee.