A89A1940. STORY v. THE STATE.
(390 SE2d 96)

CARLEY, Chief Judge.

Although appellant and her husband were jointly tried before a jury and found guilty of child molestation, she appeals separately from the judgment of conviction and sentence entered by the trial court on the jury's verdict finding her guilty.

1. Appellant enumerates as error the denial of her motion to sever her trial from that of her co-defendant husband.

"When [jointly] indicted for a capital felony when the death penalty is waived, or for a felony less than capital, or for a misdemeanor, such defendants may be tried jointly or separately in the discretion of the trial court." OCGA § 17-8-4. In the exercise of that discretion, the trial court should consider the following: "1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights? [Cit.]" *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). To warrant reversal of a conviction for failure to sever for separate trials, a co-defendant "must make a clear showing of prejudice and a consequent denial of due process." *Murphy v. State*, 246 Ga. 626, 629 (2) (273 SE2d 2) (1980).

In the present case, there were only two co-defendants, each of whom was charged with committing the same crime against the same victim in the same manner. The relevant evidence against both was unambiguous and the applicable law was straightforward. Although certain evidence was admissible only against appellant's husband, the trial court twice admonished the jury that it was to consider this evi-

dence *solely* with respect to his guilt. The defenses were not antagonistic but were, in fact, mutually supportive. The trial court did not abuse its discretion in denying the motion to sever. *Kesler v. State*, 249 Ga. 462, 468 (4) (291 SE2d 497) (1982).

2. Over appellant's objection that it was irrelevant, prejudicial, and improperly placed her character in issue, evidence was admitted which showed that the victim had been covered with welts and bruises at the time of her removal from appellant's home. The admission of this evidence is enumerated as error.

The evidence of the victim's physical abuse was not evidence of independent but similar transactions within the notice requirements of Uniform Superior Court Rule 31.3. The victim was physically abused to compel her participation in the acts of molestation and she was threatened with further beatings if she told anyone. Thus, the evidence was admissible as part of the res gestae of the very crime for which appellant was being tried. "The [S]tate is entitled to present evidence of the entire res gestae of the crime. . . . [E]very aspect of it relevant to the crime charged may be presented at trial. [Cit.] This is true even if the defendant's character is incidentally placed in issue." *Satterfield v. State*, 256 Ga. 593, 598 (6) (351 SE2d 625) (1987).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 8, 1990.

*Robert B. Whatley*, for appellant.

*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.