A91A1450. JONES v. THE STATE.
(410 SE2d 199)

BIRDSONG, Presiding Judge.

Richard Lee Jones appeals his conviction for burglary. He contends the trial court erred by permitting a witness to testify who previously served as an alternate juror in the case, by denying Jones' motion for a directed verdict, and by denying Jones' motion for a new trial. *Held*:

1. The transcript shows that after the jury was impaneled and evidence presented, an alternate juror recognized an item taken in the burglary as property someone attempted to pawn in his pawnshop. The transcript also shows the State was not aware of this information and the alternate juror had not discussed his knowledge with any of the other jurors. After the alternate juror was excused without objection, the former juror was called as a witness for the State and was allowed to testify over Jones' sole objection that allowing the juror to testify created "an appearance of impropriety."

Although Jones acknowledges the controlling precedent in this state is contrary to his argument (see *Tumlin v. State*, 88 Ga. App. 713 (77 SE2d 555)), he maintains the precedent should be overruled because of precedent from other jurisdictions.

We find no error. The transcript shows that in accordance with the trial court's instructions the alternate juror did not discuss his knowledge with the other jurors, and that there was no opportunity for him to do so since he stated that he did not realize he had infor-

mation about this case until in open court he saw the property and shortly thereafter made this known to the trial court.

Moreover, in this state "[i]t is too well settled to admit of discussion that a juror is not incompetent to testify as a witness solely on account of having been impaneled and sworn in the case, if he is otherwise competent." *Savannah, Fla. &c. R. Co. v. Quo*, 103 Ga. 125, 127 (29 SE 607). Indeed, "[i]f a juror has any material information or knowledge respecting the facts of a case, of which either of the parties desires to take the benefit, he should be put upon the stand to testify as a witness." *Chattanooga &c. R. Co. v. Owen*, 90 Ga. 265, 266 (15 SE 853). See also *Paschal v. State*, 230 Ga. 859, 860 (199 SE2d 803).

2. Jones next asserts the trial court erred by denying his motion for a directed verdict of acquittal based upon the alleged lack of corroboration of his accomplice's testimony. The transcript, however, shows the evidence was sufficient to corroborate the accomplice's testimony. Footprints at the scene of the burglary showed two people were involved and that one wore size 11-½ to 12 Nike running shoes and the other appeared to wear boots of an even larger size. The evidence also showed that the accomplice wore the Nikes and that Jones' nickname was "Foots" because of his very large feet. Additionally, the accomplice's uncle, who was not implicated in the burglary, testified that he heard his nephew and Jones talking about the crime in sufficient detail to reveal his personal participation in the burglary, and also testified that Jones came by his house to see if his nephew had pawned property taken in the burglary.

"In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8. The corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty. However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict." (Citation and punctuation omitted.) *Castell v. State*, 250 Ga. 776, 780 (301 SE2d 234). Further, the corroboration may be by circumstantial evidence. *Lecounte v. State*, 183 Ga. App. 407 (359 SE2d 193). Considering the evidence in this case, we are satisfied that the accomplice's testimony was sufficiently corroborated.

A motion for a directed verdict of acquittal should be granted only when there is no conflict in evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311). On appeal a reviewing court can consider all the evidence (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)) and must view the evidence in the light most favorable to the verdict.

*Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436).

Review of the evidence in this matter reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Jones was guilty of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, the trial court did not err by denying the Jones motion.

3. Jones also contends the trial court erred by denying his motion for a new trial. As this enumeration of error is based upon the contentions rejected in Divisions 1 and 2 above, it is without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 3, 1991.

*David G. Hammock*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.