A91A1014. WALTON v. THE STATE.
(410 SE2d 339)

BIRDSONG, Presiding Judge.

Milton Walton was convicted of one count of sale of cocaine and one count of sale of marijuana. On appeal, he contends the trial court erred in failing to give his timely requested charge on the lesser included offense of mere possession as to both charges. *Held*:

Under the facts in this case, the trial court did not err in failing to charge the jury as to the lesser included offense of mere possession. The evidence shows that appellant was asked to sell cocaine and then marijuana, on two separate occasions on August 16, 1990. In each instance, appellant did not have the drug on his person and had to go nearby to get it; he did so, and on each occasion returned immediately and gave the requested drug to the undercover agent in receipt for money. Appellant, in defense, simply denied ever seeing the undercover agent.

On appeal, appellant complains that the failure to permit the

jury to consider the lesser included offense of possession forced the jury to either exonerate him completely or convict him of sale. This is not grounds for complaint. The evidence shows appellant either engaged in the sale of drugs or did nothing at all. The evidence does not reasonably raise an issue that appellant merely possessed drugs without engaging in or aiding and abetting in a sale. See *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550), where it was held: "The correct rule is that a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." There is no evidence in this case that appellant merely possessed marijuana. The trial court did not err in refusing to charge the jury as to that offense.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 5, 1991.

*Collier, Bishop & Hunt, Charles R. Hunt*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.