A92A0384. JOHNSON v. THE STATE.
(419 SE2d 107)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of two counts of selling cocaine. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Appellant enumerates as error the admission of the cocaine into evidence over his chain of custody objection. A review of the record shows, however, that the chain of custody was sufficiently established by the State. Accordingly, there is no merit in this enumeration. See *State v. Marshall*, 195 Ga. App. 535, 537 (4) (394 SE2d 379)

(1990); *Stewart v. State,* 190 Ga. App. 162 (2) (378 SE2d 387) (1989).

2. Appellant requested charges on the credibility of witnesses and on reasonable doubt. Although the trial court did instruct the jury on these issues, appellant nevertheless objected that his requested charges had not been given in their "exact form."

Appellant's enumeration of the refusal to give his requested charges is without merit. "[A] defendant has no right to have the trial court charge in the exact language of his requests. [Cits.]" *Horton v. State,* 194 Ga. App. 797, 800 (4) (392 SE2d 259) (1990).

3. The trial court's refusal to give appellant's written request to charge on possession of cocaine as a lesser included offense is enumerated as error. "The correct rule is that a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *State v. Alvarado,* 260 Ga. 563, 564 (397 SE2d 550) (1990). However, *both* the State's uncontradicted evidence *and* appellant's testimony show the completion of the greater offense of a sale of cocaine. See *Milsap v. State,* 185 Ga. App. 501 (1) (364 SE2d 631) (1988). Accordingly, there was *no* evidence that appellant had merely possessed rather than sold the cocaine. *Walton v. State,* 201 Ga. App. 118 (410 SE2d 339) (1991). "Under these circumstances, there was no error in the trial court's refusal to charge the lesser offense. [Cits.]" *Christian v. State,* 181 Ga. App. 569, 570 (2) (353 SE2d 65) (1987).

4. Over appellant's objections, his prior conviction for selling cocaine was admitted as evidence of his intent, motive, state of mind and course of conduct. This evidentiary ruling is enumerated as error.

As to the contention that admission of the prior conviction improperly placed his character into evidence, appellant merely relies upon "the general rule that in the trial of a crime, evidence of other criminal acts by the defendant is inadmissible as it tends to place the defendant's character into evidence. [Cits.]" *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321) (1980). Appellant does not urge the inapplicability of the exception to this general rule which was relied upon by the trial court in admitting the evidence. A review of the record clearly shows that the prior conviction *was* admissible for the limited purposes noted by the trial court. "Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." *State v. Johnson,* supra at 655 (1).

Appellant's remaining contentions regarding the admission of his prior conviction have been considered and found to be without merit. Moreover, even assuming that there was any arguable merit in any of these contentions, the record demonstrates overwhelming evidence of

guilt, particularly in light of appellant's own testimony. Accordingly, error, if any, in the admission of appellant's prior conviction would "not mandate a reversal because it is highly probable that that error did not contribute to the guilty verdict. [Cit.]" *Faison v. State*, 199 Ga. App. 447, 449 (1) (405 SE2d 277) (1991).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED MAY 15, 1992.

*Joseph L. Smith*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.