A92A1647. HOLLAND v. THE STATE.
(423 SE2d 694)

BEASLEY, Judge.

Michael Holland and his cousin Mark were jointly indicted for manufacturing marijuana. OCGA § 16-13-30 (j) (1). Michael was convicted and challenges the sufficiency of the evidence and the validity of certain jury charges.

1. The evidence proves that Michael manufactured marijuana.

On a tip, sheriff's deputies, GBI agents, and drug task force members found marijuana growing in two wooded patches near Michael's home. It is on seven acres owned by his father which had been used by family as a residence for forty to fifty years.

One patch was located along an old firebreak about 600 yards from the house. A trail or path led from the back of the house to this patch and ended at the last plant. The officers arrested Mark after observing him pull up some marijuana plants from this patch. He stated that he was stealing Michael's plants.

An officer testified that Michael denied any knowledge of this marijuana plant and said that wire cages in his yard were for tomato plants. The officer asked Michael to show him the tomato plants, and Michael led him through a path of dog fennel to them. A trail leading from the tomato plants disclosed the other marijuana patch, with

plants growing inside wire cages similar to those in the back yard. It was less than 100 yards from the house.

Twenty-one marijuana plants weighing two pounds ten ounces were seized from the patches. Drying marijuana leaves (less than one ounce) were found in a disabled vehicle parked in the yard.

Michael testified that as he was being arrested, he saw an officer put the wire in the yard and that he had been told this officer was out to get him. He responded to cross-examination about the paths from his yard to the marijuana patches that "[t]here are paths all over that place out there. There's three wheeler paths, there's paths, dog paths. They searched all the paths." When asked whether he believed that someone, such as the officer, would come out to his land and plant the marijuana, he responded that it was possible.

To warrant a conviction on circumstantial evidence alone the proved facts must not only be consistent with guilt but they must exclude every other reasonable hypothesis save that of guilt. *Head v. State*, 169 Ga. App. 947, 949 (315 SE2d 669) (1984). Whether there exist reasonable hypotheses save that of guilt is for the jury, unless the verdict is insupportable as a matter of law. *Butler v. State*, 150 Ga. App. 751, 753 (258 SE2d 691) (1979).

The verdict is not insupportable as a matter of law. "[T]he 'beaten path' doctrine . . . allows connection of contraband found in close vicinity to a house so as to authorize rational jurors to conclude beyond reasonable doubt that the primary resident of that house owned or had control over the contraband. [Cits.]" *Franklin v. State*, 166 Ga. App. 375, 376-377 (1) (304 SE2d 501) (1983); compare *Mitchell v. State*, 150 Ga. App. 44, 46 (2) (256 SE2d 652) (1979). Construed in a light most favorable to the verdict, the evidence as a whole was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt. *Jones v. State*, 201 Ga. App. 102, 103 (2) (410 SE2d 199) (1991).

2. There is no merit in the contention that the trial court erred in instructing the jury on parties to a crime, in accordance with OCGA § 16-2-20 (a), (b) (1), (3), and (4), and OCGA § 16-2-21.

Given the proximity of the patches to Michael's residence and the paths to them and his control of the premises, and given the fact that Mark knew of one of the marijuana patches and was seen pulling such plants in it, even if resident Michael did not plant or tend the patch, the jury could have found that Michael was at least an indirect party to the act of manufacturing marijuana.

" '(W)here the evidence in a criminal case shows that two or more persons were concerned in the commission of an alleged crime, it is not harmful error for the trial court to charge (as to parties to a crime). . . .' [Cit.]" *Lovell v. State*, 189 Ga. App. 311, 312 (1) (375 SE2d 658) (1988).

3. It was not reversible error to refuse to instruct the jury that a mere suspicion of guilt is not sufficient to authorize a conviction. But it would have been the better practice to grant the request. (See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 18 (1991).) *Muckle v. State,* 165 Ga. App. 873, 875 (1) (303 SE2d 54) (1983), upon which appellant relies, states the legal principle contained in the request and cites OCGA §§ 24-4-5 and 24-4-6. The principles in those Code sections were charged, in essence as to the first and verbatim as to the second. The court instructed the jury on the presumption of innocence, the evidentiary burdens placed on the State, the definition of a reasonable doubt, and the requirement that to warrant a conviction on circumstantial evidence the proved facts must exclude every reasonable hypothesis save that of guilt. Thus the quantum of proof necessary was adequately included. See *Kendrick v. State,* 123 Ga. App. 785, 789 (3) (182 SE2d 525)' (1971).

4. Appellant sought an instruction, which was refused, that "[i]n making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted. [Cits.]" This principle is stated in *Bogan v. State,* 158 Ga. App. 1, 2 (279 SE2d 229) (1981). In none of the cases appellant cited is this principle of law discussed as a jury charge. This, of course, does not mean that it would not be a proper jury charge in an appropriate case. However, this is not one of them.

Appellant's explanation, to the effect that the police were responsible for the wire cages in his yard and marijuana on his land, was not consistent with the circumstantial evidence properly admitted. That is, it was not "a plausible explanation of the circumstances relied upon by the State. . . ." *Elam v. State,* 125 Ga. App. 427, 430 (2) (187 SE2d 920) (1972). Consequently, this charge was not adjusted to the evidence. See *Joiner v. State,* 163 Ga. App. 521, 523 (5) (295 SE2d 219) (1982).

The appellant's evidence conflicted with that of the State, and the trial court did charge the jury that it should reconcile conflicting evidence to make all witnesses speak the truth so that perjury would be imputed to none of them, and to accept that evidence most reasonable and credible to them if it is in irreconcilable conflict. See *Kendrick,* supra.

5. Holland contends that the trial court erred in refusing to give his request to charge that the jury could find him guilty of possession of marijuana as a lesser included offense of manufacture.

We have no record of the charge conference. After charging the jury, the trial court asked if there were any exceptions to the charge. Appellant responded that since the trial court charged the jury that there may or may not be an independent crime of possession of mari-

juana "that could show motive, bent, scheme, what have you, then they could be authorized to convict him of possession of marijuana, which is a lesser included offense of manufacture."

As authority for his request to charge, and in argument both at trial and on appeal, appellant cites *State v. Alvarado*, 260 Ga. 563 (397 SE2d 550) (1990). In his appellate brief he argues:

"Since the trial court charged the jury that they had heard evidence of an independent crime from that with which the appellant was charged, i.e., possession of marijuana, it was incumbent upon the trial court to charge the jury the lesser included offense of marijuana possession as requested. . . .

"It is clear in this case that the appellant's request to charge . . . was warranted by the evidence, is a correct statement of law and, according to *State v. Alvarado*, supra, the failure to charge it was reversible error." This argument is without merit.

Alvarado was charged with trafficking in cocaine. Only a single amount of cocaine was evidenced. Whether defendant actually or constructively possessed that cocaine was a contested issue of fact with evidence on both sides of the question. A finding of constructive possession would have warranted a conviction only of the lesser included offense of its simple possession. This evidentiary alternative (actual or constructive possession) necessitated the charge because it produced a legal alternative (trafficking or possession).

Holland appears to want the jury to be authorized to convict him of possessing the marijuana in the automobile instead of manufacturing the marijuana growing on the patches of land. That would end up in no verdict on the charge involving the growing marijuana and a conviction for an act with which he was not charged. Based on the indictment, the jury could only consider guilt or innocence with respect to the growing marijuana. Only if Holland had been charged also with a crime in connection with the marijuana in the automobile, would he be entitled to an instruction to the jury authorizing it to find him guilty of such. Holland has confused the office, in this case, of the evidence concerning the marijuana in the automobile. It tended to prove his growing of plants on his property because it was harvested, drying marijuana. This evidence could not serve as a basis for a conviction of an uncharged crime.

*Alvarado*, the single authority cited by appellant, does not support his theory. Nor does its rule require a charge on the lesser offense of possession of the growing marijuana. *Alvarado* states and applies the rule "that a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." Id. at 564. The automobile marijuana, which the court instructed could only be considered as evidence of "identity, motive, plan, scheme, bent of mind or course of

conduct" with respect to the growing marijuana, was not evidence of its simple possession by Holland as opposed to evidence of its manufacture by him. There was no issue of fact, as in *Alvarado*, occasioned by a conflict in evidence as to whether Holland grew the marijuana, directly or indirectly, or only possessed it. The evidence showed only that Holland either grew the marijuana or he did not. It would not support a third legal alternative, that he merely possessed but did not grow it.

In *Alvarado*, on the other hand, the State's evidence showed either that Alvarado actually possessed the cocaine, in which case he would be guilty of trafficking, or that he only constructively possessed the cocaine, in which case he would be guilty of possession but not trafficking. (Of course, there is the alternative of "not guilty" of either crime.) Whether, based on the evidence, it was actual or constructive was a jury question.

The evidence in this case, and particularly the automobile marijuana which Holland relies on, did not raise a fact issue for jury resolution as to whether he "knowingly grew or manufactured marijuana," as the judge charged, *or* possessed marijuana. If the jury accepted the state's version of the facts, it would have to find that Holland manufactured marijuana, directly or indirectly as a party. A jury does not have the discretion to find defendant guilty of a lesser crime when it finds the elements which support the crime charged. That is, the evidence did not support an alternative finding, that he merely possessed but did not grow it. In contrast, in *Parker v. State*, 256 Ga. 543, 548 (2) (350 SE2d 570) (1986), cited approvingly in *Alvarado*, the evidence did support alternative findings.

If the evidence in this case required possession to be charged, it would have to be charged with *every* charge of manufacture, delivery, distribution, dispensing, administration, purchase, sale, or possession with intent to distribute, as a matter of law, whenever defendant possessed that drug, even if there is no issue as to whether he or she manufactured or only possessed. Inherent in any of these acts would be simple possession by defendant as a direct or indirect party to the crime. OCGA §§ 16-2-20; 16-2-21. But that possession "merges with or is included within" the greater crime, when there is evidence of the greater crime and no *countervailing* evidence of the lesser. See *Varnes v. State*, 159 Ga. App. 452, 453 (2) (283 SE2d 673) (1981).

See our other cases applying *Alvarado*: *Walton v. State*, 201 Ga. App. 118 (410 SE2d 339) (1991), and *Harris v. State*, 202 Ga. App. 618, 621 (4b) (414 SE2d 919) (1992).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 2, 1992.

*Neil L. Heimanson*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.