### A93A1419. STRICKLAND v. THE STATE.
(438 SE2d 161)

Smith, Judge.

Christopher L. Strickland and his wife were convicted of cruelty to children, for depriving Strickland's four-year-old illegitimate son of necessary sustenance and for maliciously causing him excessive physical pain. OCGA § 16-5-70 (a), (b). Christopher Strickland alone appeals.

1. Strickland enumerates as error the failure of the trial court to direct a verdict in his favor on Count 1 of the indictment. The evidence at trial showed that a Department of Family & Children Services (DFACS) caseworker observed the child in his original foster home, and testified that he was a "hefty," "robust" child before being delivered into the custody of Strickland and his wife. As a result of a letter prepared by a judicial citizens review panel and sent to him by DFACS, Strickland expressed an interest in developing a relationship with his illegitimate child. Ultimately DFACS released the child to Strickland's wife as guardian. Approximately five months later, Strickland's wife called DFACS to report that the child was uncontrollable and possessed by a demon; she asked to return the child to the custody of DFACS. When he arrived at DFACS, the child showed the emaciation, sunken eyes, swollen belly and pedal edema indicative of malnutrition. He had fresh and old scars over most of his body consistent with being scratched with fingernails and with being beaten with a switch and a metal or wooden rod. The treating physician testified that the child was suffering from malnutrition. He stated that the signs and symptoms of malnourishment he observed could have developed after a week to ten days of malnourishment, but probably had developed over a longer period of time.

In support of his contention that the trial court should have directed a verdict of acquittal, Strickland claims his wife, who is not related to the child, had the sole responsibility for preparing meals and he therefore had no duty to feed the child. He further contends that although he acknowledged paternity, he had no authority over and no duty towards the child because the child was illegitimate. Strickland cites no legal authority for his contention that he had no responsibility for the child.

These contentions are completely without merit. OCGA § 16-5-70 (a) places within its scope "[a] parent, guardian, or other person supervising the welfare of or having immediate charge or custody of a child under the age of 18. . . ." Although OCGA § 19-7-25 provides

that the mother of an illegitimate child is entitled to custody unless the father legitimates the child, the putative father nevertheless has certain enumerated rights and duties with respect to the child. OCGA § 19-7-24 clearly provides that "[i]t is the joint and several duty of *each parent* of a child born out of wedlock to provide for the maintenance, protection, and education of the child. . . ." (Emphasis supplied.) "It is clear . . . that the putative father is also a parent." *Nelson v. Taylor*, 244 Ga. 657, 658 (1) (261 SE2d 579) (1979).

Strickland conceded that he was the child's father, and that he and his wife had custody of the child. He considered the child his responsibility "in some ways." Not only was he a "parent," he also had "immediate charge and custody" of the child within the meaning of OCGA § 16-5-70 (a).

"A motion for a directed verdict of acquittal should be granted only when there is no conflict in evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. [Cits.] On appeal a reviewing court can consider all the evidence [cit.] and must view the evidence in the light most favorable to the verdict. [Cit.]" *Jones v. State*, 201 Ga. App. 102, 103-104 (2) (410 SE2d 199) (1991).

There is ample evidence on the record from which any rational trier of fact could find beyond a reasonable doubt that Strickland was guilty of cruelty to children by depriving his child of necessary sustenance. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err by denying Strickland's motion. See *Jones*, supra.

2. Strickland also contends that the trial court erred in denying his motion for a mistrial on the basis of remarks made by the prosecutor during closing argument. He further contends that the curative instructions given by the trial court were inadequate. However, the closing argument was not transcribed, nor was a substitute included in the record. See OCGA § 5-6-41. "With neither an original transcript of the offending portions of the assistant district attorney's argument nor a transcript prepared from recollection (OCGA § 5-6-41 (g)), we must presume that the trial court acted correctly. [Cit.]" *Houck v. State*, 173 Ga. App. 388, 389 (2) (326 SE2d 567) (1985).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 19, 1993.

*Patrick G. Longhi*, for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Carla E.*

*Young, Vivian D. Hoard, Assistant District Attorneys*, for appellee.