A93A2241. STRICKLAND v. THE STATE.
(441 SE2d 494)

SMITH, Judge.

Elizabeth Strickland and her husband, Christopher Strickland, were convicted of cruelty to children for depriving Mr. Strickland's four-year-old illegitimate son of necessary sustenance and maliciously

causing him excessive physical pain. OCGA § 16-5-70 (a) and (b). Elizabeth Strickland appeals.

1. Strickland enumerates as error the failure of the trial court to direct a verdict in her favor on Count 2 of the indictment. The facts of the case are set forth in her husband's earlier appeal. *Strickland v. State*, 211 Ga. App. 48 (438 SE2d 161) (1993). With respect to Strickland, the evidence at trial showed she had been appointed the guardian of the child. The child was "hefty" and "robust" before being delivered into the custody of Strickland and her husband by the Department of Family & Children Services (DFACS). Approximately five months later, Strickland called DFACS to report that the child was uncontrollable and possessed by a demon; she asked to return the child to the custody of DFACS. When he arrived at DFACS, the child was malnourished, and he had scars and wounds over most of his body consistent with being scratched with fingernails and being beaten with a switch and a metal or wooden rod.

In support of her contention that the trial court should have directed a verdict of acquittal, Strickland claims that there is no evidence she inflicted the injuries on the child. However, she admitted both to a witness and in court that she "whipped" the child with a switch, although she denied that she whipped him hard enough to produce marks. There was medical evidence that many of the scars and fresh wounds on the child's body were produced by a switch or similar thin flexible object. The child, while first identifying the father as the person who hit him, on further questioning stated that Mrs. Strickland hit him, too.

"A motion for a directed verdict of acquittal should be granted only when there is no conflict in [the] evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. [Cits.] On appeal a reviewing court can consider all the evidence [cit.] and must view the evidence in the light most favorable to the verdict. [Cit.]" *Jones v. State*, 201 Ga. App. 102, 103-104 (2) (410 SE2d 199) (1991).

There is ample evidence in the record from which a rational trier of fact could find beyond a reasonable doubt that Strickland was guilty of cruelty to children by maliciously causing her ward excessive physical pain. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err by denying Strickland's motion for directed verdict of acquittal.

2. Strickland enumerates as error the denial of her motion to sever her trial from that of her co-defendant husband. The grant or denial of a motion to sever is clearly within the discretion of the trial court, and absent an abuse of discretion, its denial is not grounds for reversal. *Freeman v. State*, 205 Ga. App. 112 (421 SE2d 308) (1992). The circumstances here are substantially similar to those in *Story v.*

*State*, 194 Ga. App. 187 (1) (390 SE2d 96) (1990), in which a husband and wife were tried jointly for child molestation. As in *Story*, the charges against Strickland and her husband were essentially the same. Although there was some evidence that Mr. Strickland was primarily responsible for the beatings and more testimony connecting him with them, the mere fact that testimony as to one of two co-defendants is stronger does not demand a finding that denial of a motion to sever is an abuse of discretion. *Martin v. State*, 162 Ga. App. 703, 704 (2) (292 SE2d 864) (1982). The trial court instructed the jury that it should give separate verdicts with respect to each defendant as to each count, from the evidence applicable to each defendant alone, and that the guilt or innocence of one defendant should not control or influence the verdict respecting the other defendant. Strickland has not shown prejudice or abuse of the trial court's discretion in denying her motion to sever. *Story*, supra at 187.

3. Strickland also enumerates as error the trial court's denial of her motion for a continuance, made on the day of trial. She contends that the court should have allowed additional time for her to obtain an expert witness. She also contends that documents provided to her by DFACS through the trial court were illegible, and that the State did not identify certain witnesses to her until a few days before trial. She further contends that the failure of the State to comply with these requests violated her due process rights. A motion for continuance is addressed to the sound discretion of the trial court, OCGA § 17-8-22, and the trial court's exercise of discretion will not be reversed on appeal without a showing of manifest abuse of that discretion. *Rhodes v. State*, 200 Ga. App. 193, 194 (1) (407 SE2d 442) (1991).

(a) Strickland first contends that a continuance should have been granted for her to obtain an expert witness. She asserts that such an expert was necessary to refute the testimony of a physician in the medical examiner's office, who testified to the age and probable origin of the scars on the child based upon his examination of photographs. However, Strickland is not entitled to rely solely on information provided by the State for her pretrial investigation, and she must show the exercise of due diligence in order to obtain a continuance. *Davis v. State*, 204 Ga. App. 657, 658 (4) (420 SE2d 349) (1992).

It appears from the record that Strickland had viewed the photographs from which the expert testified by February 1992. She has not shown that she was unable to obtain an expert to examine the photographs at an earlier date. The record does not demand a finding that Strickland exercised diligence. OCGA § 17-8-20; *Green v. State*, 208 Ga. App. 1, 3 (4) (429 SE2d 694) (1993). Moreover, Strickland has made no showing as to who the expert would be, what his or her testimony would be expected to show, or how that testimony would bene-

fit Strickland. Where there is no indication that a continuance would have benefited the defendant, there is no showing of necessity and no abuse of discretion. *Johnson v. State*, 255 Ga. 703, 704 (2) (342 SE2d 312) (1986).

(b) Similarly, the record does not appear to include the purportedly illegible documents produced by DFACS, and Strickland has not shown how those documents would have assisted her in the preparation of her case. The record does not show that the documents were subject to disclosure under OCGA § 17-7-210 or § 17-7-211, that they were provided by the State, or that the State delayed their production in any way. There is no showing of an abuse of discretion on the part of the trial court in denying Strickland's motion for continuance on this ground. *McMillan v. State*, 257 Ga. 173, 174 (3) (356 SE2d 866) (1987).

(c) The final basis on which Strickland contends a continuance should have been granted was the State's delivery of a supplemental witness list seven days before the trial began. However, the Georgia Supreme Court has found no error in the denial of a motion for a continuance where a supplemental list of witnesses was served "several hours prior to call of the case for trial," as long as the defendant had the opportunity to interview the witnesses called by the State. *Saylors v. State*, 251 Ga. 735, 737-738 (4) (309 SE2d 796) (1983). Counsel for Strickland acknowledged that she had the opportunity to interview three witnesses on the supplemental list who were called by the State. The name of the physician who treated the child at Grady Hospital appeared in the medical records that were produced in February, including the medical history used as a defense exhibit. See *Askew v. State*, 192 Ga. App. 351 (1) (385 SE2d 21) (1989). We find no abuse of discretion in the trial court's denial of Strickland's motion for a continuance.

4. Strickland also complains that the trial court erred in failing to grant a motion for mistrial, contending that a witness for the State testified as to the ultimate issue in the case. This contention has no merit. The witness testified that with respect to the child's condition at the time of his examination, his diagnosis was "*suspected* child abuse." However, he made no comment as to whether Strickland was the person who inflicted the injuries. He therefore did not testify as to the ultimate issue in the case. *Karvonen v. State*, 205 Ga. App. 852, 853 (2) (424 SE2d 47) (1992). Moreover, the trial court instructed the jury to disregard the statement. This enumeration is without merit.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 24, 1994.

*Avis K. Hornsby*, for appellant.

*Lewis R. Slaton, District Attorney, Carla E. Young, Vivian D. Hoard, Assistant District Attorneys*, for appellee.