*District Attorney*, for appellee.

### A95A2567. PATTERSON v. THE STATE.
(469 SE2d 706)

McMurray, Presiding Judge.

Defendant was tried before a jury and found guilty of possession of marijuana with intent to distribute, manufacturing marijuana and trafficking in marijuana, all in violation of Georgia's Controlled Substances Act. The evidence adduced at trial, construed in a light most favorable to the jury's verdicts, reveals the following:

During a consensual search of land surrounding defendant's home, law enforcement officers discovered a shed containing a tractor that defendant admitted belonged to him. The shed also contained a quart jar that was full of marijuana seeds, burlap bags containing marijuana leaves, and a marijuana leaf on the tractor. Officers also found a tractor path and footpaths leading from defendant's yard. Along these paths, officers found plastic tarpaulins containing marijuana leaves, several barrels containing marijuana leaves, two harvested marijuana fields (where the marijuana stalks remained standing) and a green mesh cover along with a structure apparently designed to camouflage the marijuana. The marijuana field farthest from defendant's house was about 500 yards. The officers found no other paths leading to the marijuana fields. In all, over 87 pounds of marijuana was seized from defendant's property.

This appeal followed the denial of defendant's motion for new trial. *Held*:

Defendant contends the trial court erred in denying his motion for directed verdict, arguing that evidence of marijuana on his property is insufficient to authorize his convictions in light of other evidence showing that others had access to his land.

"The verdict is not insupportable as a matter of law. '(T)he "beaten path" doctrine . . . allows connection of contraband found in close vicinity to a house so as to authorize rational jurors to conclude beyond reasonable doubt that the primary resident of that house owned or had control over the contraband. (Cits.)' *Franklin v. State*, 166 Ga. App. 375, 376-377 (1) (304 SE2d 501) (1983); compare *Mitchell v. State*, 150 Ga. App. 44, 46 (2) (256 SE2d 652) (1979)." *Holland v. State*, 205 Ga. App. 695 (1), 696 (423 SE2d 694). The evidence in the case sub judice not only reveals that defendant was the primary resident of the nearby house, but it also shows that a marijuana leaf was found on a tractor that defendant admitted belonged to him. Further, one of the searching law enforcement officers testified that defendant started trotting toward his son's nearby house when an of-

ficer approached the shed. This evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of the crimes charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Jones v. State*, 201 Ga. App. 102, 103 (2) (410 SE2d 199).

The trial court did not err in denying defendant's motion for directed verdict of acquittal.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 19, 1996.

*Thompson, Fox, Chandler, Homans & Hicks, Joseph A. Homans*, for appellant.

*Lydia J. Sartain, District Attorney, John G. Wilbanks, Jr., J. Vaughan Branch, Assistant District Attorneys*, for appellee.